# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jason C. Schwartz
Direct: +1 202.955.8242
Fax: +1 202.530.9522
JSchwartz@gibsondunn.com

August 13, 2021

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Smalls v. Amazon.com Services LLC*, No. 1:20-cv-5492 (E.D.N.Y.)

Dear Judge Kovner:

In his Amended Complaint, Plaintiff Christian Smalls challenged Amazon's COVID-19 policies as inadequate and racially discriminatory, alleging that Amazon did not follow "New York or CDC guidance," Am. Compl. ¶¶ 17, 30, 45, and seeking "injunctive relief" to control the day-to-day operations of Amazon's JFK8 facility, *id.* at p. 10. Amazon moved to dismiss this claim for three reasons: (1) Mr. Smalls lacks standing to challenge Amazon's workplace-safety practices because he has not worked at JFK8 for more than a year; (2) Mr. Smalls's workplace-safety claims are subject to the primary jurisdiction of the U.S. Occupational Safety and Health Administration ("OSHA"); and (3) Mr. Smalls failed to state a plausible claim of intentional discrimination. *See* Amazon Mot. to Dismiss at 15–25 (ECF No. 21-1) ("Mot.").[1] After the State of New York rescinded most of its COVID-19 guidance and allowed the statewide emergency declaration to expire, Amazon moved to dismiss for an additional jurisdictional reason:  The legal and factual predicates for Mr. Smalls's allegations of discrimination and request for injunctive relief have been rendered moot by changed circumstances. *See* Amazon Mot. Letter re: Mootness (ECF No. 24) ("Mot. Letter").

Mr. Smalls argues (at 2) that his discrimination claim is not moot because the COVID-19 pandemic is ongoing, but Amazon never argued that the pandemic is over—and Amazon's mootness argument does not depend on a day-by-day snapshot of the pandemic.  Rather, mootness arises from the fact that the legal guidance on which Mr. Smalls premised his discrimination claim and his request for injunctive relief is no longer in effect.  The New York state of emergency has ended, New York COVID-19 guidance for businesses is "no longer in effect," the U.S. Centers for Disease Control and Prevention has relaxed its guidance for vaccinated persons, and effective vaccines are available free of cost to all Amazon employees who want them.  *See* Mot. Letter at 1–2 & Exs. 1, 2, 3, 4, 6.  Indeed, the State of New York is now successfully arguing that challenges to its own COVID-19 policies are moot because those policies are no longer in effect and there is no imminent threat that those policies will recur. *See, e.g.*, *36 Apartment Assocs., LLC v. Cuomo*, No. 20-2565, 2021 WL 3009153, at *1 (2d Cir. July 16, 2021) (agreeing with New York that challenge to state COVID-19 policies is moot); *see also, e.g.*, Br. for Defendants-Appellees Andrew M. Cuomo et al. at 28, *Dark Storm*

---

[1]   That Motion remains pending.

# GIBSON DUNN

Hon. Rachel P. Kovner
Page 2

*Indus. LLC v. Cuomo*, No. 20-2725, 2021 WL 1207817 (2d Cir. Mar. 29, 2021) ("*Dark Storm* Br.") (arguing that challenge to in-person work restriction is moot because the "rollout of mass vaccinations" that are "highly effective" "makes the possibility that the State will revert to the challenged restriction all the more 'theoretical and speculative'").[2]

Mr. Smalls argues (at 2) that the "passage of time" somehow distinguishes judicial decisions finding COVID-19-related claims moot, but that is wrong. Even if a resurgence in the pandemic were to result in *new* public-health measures and workplace policies, those would not be the same measures and policies that form the basis for Mr. Smalls's discrimination claim. Policies and guidance that existed "[i]n March 2020," Am. Compl. ¶ 33, when Mr. Smalls last worked at Amazon, no longer exist. That is why courts continue to hold— notwithstanding the existence of the Delta variant—that challenges to states' COVID-19 emergency measures are moot. *See, e.g.*, *36 Apartment Assocs.*, 2021 WL 3009153, at *1; *Hawse v. Page*, 2021 WL 3234293, at *6–7 (8th Cir. July 30, 2021) (holding challenge to public-health order moot because of "substantial changes in public health conditions since May 2020"); *Lewis v. Cuomo*, 2021 WL 3163238, at *5 & n.2, *8 (W.D.N.Y. July 27, 2021) (dismissing request for preliminary injunction against New York's COVID-19 restrictions as moot because "the situation in the State of New York has changed considerably"); *Elim Romanian Pentecostal Church v. Pritzker*, 2021 WL 3142111, at *4 (N.D. Ill. July 26, 2021) (dismissing challenge to state COVID-19 restrictions as moot); *Ghost Golf, Inc. v. Newsom*, 2021 WL 3483271 (Cal. Ct. App. Aug. 9, 2021) (holding challenge to state COVID-19 restrictions moot). As these cases show, there is no basis for Mr. Smalls to claim surprise that Amazon has not "withdrawn" its pre-motion letter. Pl.'s Resp. Letter at 2.

Mr. Smalls speculates that "the need *may yet* exist for injunctive relief," Pl.'s Resp. Letter at 2 (emphasis added), but the fact that Mr. Smalls must resort to such speculation further demonstrates the mootness of his claim for injunctive relief. This sort of "speculative and conjectural" hypothesis cannot "supply a predicate for prospective injunctive relief," which requires a "real and immediate" threat of harm. *Shain v. Ellison*, 356 F.3d 211, 215–16 (2d Cir. 2004). Mr. Smalls's attorney also offers his personal "understanding" that new COVID-19 cases are being reported at JFK8. Pl.'s Resp. Letter at 2. Even if such conjecture by counsel could supply the factual basis needed to save a claim from mootness, it says nothing whatsoever about whether Amazon's COVID-19 policies are racially discriminatory, and in any event it gives no indication as to where any such cases were contracted.

For the first time, Mr. Smalls also asserts that he seeks "restatement [sic] to employment," and argues that this means he has standing to represent a class of Amazon employees seeking injunctive relief. Pl.'s Resp. Letter at 1. But Mr. Smalls never requested reinstatement in his Amended Complaint, and a plaintiff "cannot amend [his] pleadings through [his] briefs."

---

[2] Even if day-to-day developments in the pandemic were relevant, that would only underscore why this Court should defer to OSHA's primary jurisdiction. *See Palmer v. Amazon.com, Inc.*, 498 F. Supp. 3d 359, 368–71 (E.D.N.Y. 2020). OSHA, not the judiciary, has the institutional expertise and resources to respond to emerging workplace-safety issues in the COVID-19 pandemic. *See* Mot. at 17–21.

# GIBSON DUNN

Hon. Rachel P. Kovner
Page 3

*Tappin v. Metro. Sub. Bus Auth.*, 2014 WL 1330649, at *5 (E.D.N.Y. Mar. 31, 2014). Moreover, Mr. Smalls never pressed this argument in response to Amazon's standing challenge in its motion to dismiss, and raising such arguments now would amount to an improper sur-reply. *See, e.g.*, *ADR/JB, Corp. v. MCY III, Inc.*, 299 F. Supp. 2d 110, 116 (E.D.N.Y. 2004).[3]  Amazon's mootness motion is not an occasion for Mr. Smalls to expand requested remedies and supplement briefing on Article III standing.[4]

Mr. Smalls suggests in passing that his claim is still live because the March 2020 conduct that he challenges is "likely to repeat."  Pl.'s Resp. Letter at 2.  However, Mr. Smalls fails to develop the argument and identifies no exception to the mootness doctrine that would apply here.  As such, the argument is forfeited.  No exception to mootness would apply in any event because it is exceedingly unlikely that the circumstances, policies, and legal authorities that existed in March 2020 will return in the future.  *See, e.g.*, *Haley v. Pataki*, 60 F.3d 137, 141 (2d Cir. 1995) (holding case moot where the "repetition of the [challenged] events … is entirely speculative" because the "mere 'theoretical possibility' that this scenario will arise again is not sufficient" to save claim from mootness); *cf. Dark Storm* Br. at 24–29 (New York State arguing that improvements in COVID knowledge, testing capabilities, and vaccination make it "theoretical and speculative" that challenged restriction would be reimposed).

Finally, Mr. Smalls asks (at 3) for an additional opportunity to "fully brief" the mootness issue, but this Court deemed Amazon's letter a "motion to dismiss."  Order (July 13, 2021); *see also* Individual Practice Rule § IV(A)(5).  Mr. Smalls therefore has had ample opportunity to brief the issue of mootness.  The Court should dismiss Mr. Smalls's claim for injunctive relief against Amazon's COVID-19 policies for lack of jurisdiction.

---

[3]  Mr. Smalls's new request for reinstatement is also inconsistent with his public statements that he does not want to work for Amazon "ever again," and, if reinstated, would immediately "resign."  Alie Pierce, *Meet Chris Smalls*, WeekenderNJ (Feb. 21, 2021), https://bit.ly/2VMSCPn; *see also* Grant Rindner, *The People vs. Jeff Bezos: Inside the Mission to Unionise an Amazon Warehouse*, The Face (July 26, 2021), https://bit.ly/3Asz5T6 ("[I]f I do get reinstated, it will only be to unionise . . . . That's it.").

[4]  Similarly, Mr. Smalls argues that his request for "money damages" is a reason why he can represent the putative class and why his claim is not moot.  Pl.'s Resp. Letter at 1–2.  This argument is misplaced because Amazon's mootness letter challenges only Mr. Smalls's "claim for *injunctive relief*."  Mot. Letter at 2 (emphasis added).  Mr. Smalls's request for money damages fails for the reasons explained in Amazon's initial motion to dismiss.  *See* Mot. at 16–17.

Respectfully submitted,

/s/ Jason C. Schwartz
Jason C. Schwartz (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com

Mylan L. Denerstein
Zainab N. Ahmad
Gabrielle Levin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mdenerstein@gibsondunn.com
zahmad@gibsondunn.com
glevin@gibsondunn.com

*Attorneys for Amazon.com Services LLC*

cc:  Counsel for Plaintiff (by ECF)