UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTIAN SMALLS, on his own behalf
and on behalf of a class of similarly situated    No. 20-CV-5492 (RPK/RLM)
African American and Latino/a workers,

                    Plaintiff,

  -against-

AMAZON.COM SERVICES LLC,    **NOTICE OF APPEAL**

                    Defendant.
------------------------------------------------------------x

NOTICE IS HEREBY GIVEN that CHRISTIAN SMALLS, on his own behalf and on behalf of a class of similarly situated African American and Latino/a workers, the plaintiff in the above-captioned matter, hereby appeals to the United States Court of Appeals for the Second Circuit from the annexed Judgment of the District Court for the Eastern District of New York, entered on March 15, 2022, which dismissed this action with prejudice, and from each and every part thereof, including, without limitation, the annexed Memorandum and Order of the District Court for the Eastern District of New York, entered on February 7, 2022, which granted defendant's motion to dismiss, and from each and every part thereof.

Dated: Goshen, New York
       March 21, 2022    Respectfully submitted,

                                          SUSSMAN & ASSOCIATES
                                          *Attorneys for Plaintiff*

                                          By: _____
                                              Michael H. Sussman, Esq.
                                              1 Railroad Avenue, Ste. 3
                                              P.O. Box 1005
                                              Goshen, New York 10924
                                              (845) 294-3991[Tel]
                                              (845) 294-1623 [Fax]
                                              sussman1@sussman.law

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
CHRISTIAN SMALLS, on his own behalf and on
behalf of class of similarly situated African American
and Latino/a workers,

                            Plaintiff,                        JUDGMENT
                                                           20-CV-5492 (RPK) (RLM)

                            -against-

AMAZON.COM SERVICES LLC,

                            Defendant.
----------------------------------------------------------------- X

        A Memorandum and Order of Honorable Rachel P. Kovner, United States District Judge, having been filed on February 7, 2022, granting Amazon's motion to dismiss; granting Smalls leave to file a second amended complaint within thirty days; and an Order having been filed on March 15, 2022, dismissing this case with prejudice it is

        ORDERED and ADJUDGED that Amazon's motion to dismiss is granted; and that this case is dismissed with prejudice.

Dated: Brooklyn, NY                                        Brenna B. Mahoney
          March 15, 2022                                 Clerk of Court

                                                           By: /s/Jalitza Poveda
                                                              Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTIAN SMALLS, *on his own behalf and
on behalf of class of similarly situated African
American and Latino/a workers*,

                Plaintiff,                              **MEMORANDUM AND ORDER**

           v.                                        20-CV-5492 (RPK) (RLM)

AMAZON.COM SERVICES LLC,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        In this lawsuit, plaintiff Christian Smalls alleges that defendant Amazon.com Services LLC fired him because he is an African American and because he opposed racially discriminatory COVID-19 policies. He also alleges that Amazon's policies to protect employees against COVID-19 reflect intentional race discrimination. Mr. Smalls brings claims under 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Amazon has moved to dismiss the claims against it. For the reasons that follow, Smalls' claims are dismissed.

**BACKGROUND**

        The following facts are drawn from the complaint and are assumed true for the purposes of this order. Smalls worked for Amazon for approximately four years. He served as a Management Associate at an Amazon fulfillment center, where he had approximately sixty subordinates. Am. Compl. ¶¶ 7-8. Smalls is African American. *Id.* ¶ 2.

        According to Smalls, "in March 2020," Amazon "failed to aggressively implement policies intended to protect" from COVID-19 "its fulfillment center staff, the preponderance of whom were African American, Latino/a or recently arrived immigrants of various minority national origins."

1

Am. Compl. ¶ 33. As a result, Smalls contends, Amazon "subjected these minority workers to health threats to which Amazon did not subject its primarily Caucasian management staff." *Ibid.*

On March 24, 2020, a worker with whom Smalls had close contact tested positive for COVID. *Id.* ¶ 9. The next day, Smalls came to work to find that Amazon had not imposed a quarantine on himself or others who worked closely with the infected employee. *Id.* ¶¶ 10-11. Smalls—who believed that Amazon "was not following basic precautions" relating to COVID-19 *id.* ¶ 14—approached higher-level managers and asked that he and other workers be quarantined, *id.* ¶ 12.

Between March 25 and March 28, 2020, "Smalls served as a liaison between workers, who felt that management was unresponsive to their concerns, and management." *Id.* ¶ 15. Along with a group of minority workers, Small "raised health and safety issues" to higher-level managers, but they "repelled the workers." *Id.* ¶¶ 21-22. Smalls then met again with higher-level managers, "this time with a group which included Caucasian workers." *Id.* ¶ 23. According to Smalls, "[m]anagement appeared far more receptive to the group's health and safety-related concerns." *Ibid.*

On March 28, 2020, a senior operations manager told Smalls that he was quarantined with pay. *Id.* ¶ 13.

Smalls did not go to work on March 29, 2020. But the next day, March 30, Smalls "return[ed] to the fulfillment center . . . to lead a demonstration of workers in the parking lot." *Id.* ¶ 16. At that demonstration, which "drew the attendance of approximately 60 workers," Smalls "demanded that Amazon close down the building until it could be deeply cleaned and sanitized." *Id.* ¶ 24. Smalls states that, at the rally, he "noted that Amazon was endangering its workers." *Id.* ¶ 26. Further, he states, he "opposed practices which discriminated against minority workers and

2

immigrants by subjecting them to inferior terms and conditions of employment due to their race/ethnicity." *Id.* ¶ 26.

Smalls states that he attended the rally because he concluded that he "had a responsibility to raise with management its delinquent response to the emerging pandemic." *Id.* ¶ 18. In particular, Smalls states that he concluded that "management was indifferent to the health, welfare, and survival of his subordinates, co-workers, and their families because the large majority of them were African American, Latino, or immigrants who were vulnerable because of their recent entry into the United States." *Id.* ¶ 19. He states that his "concern was also magnified when he learned that Amazon was intentionally attending with greater diligence to the health and safety of managers who, as a group, were disproportionately Caucasian when compared to line workers at the fulfillment center." *Id.* ¶ 20.

"Within two hours of the public demonstration," the complaint alleges, "Amazon terminated Smalls." *Id.* ¶ 27. The company "claim[ed] that he was violating its quarantine order and thereby jeopardizing the health and safety of other employees." An Amazon spokesperson subsequently stated that management had repeatedly warned Smalls not to come to work and to maintain social distancing—claims that Smalls disputes. *Id.* ¶¶ 28-29.

A few days after the firing, Amazon's General Counsel sent a memo to CEO Jeff Bezos characterizing Smalls as "not smart or articulate." *Id.* ¶ 32. The letter "suggested that Amazon make [Smalls] the face of the workers criticizing its response to the pandemic." *Ibid.*

Smalls filed this lawsuit in November 2020. Dkt. # 1. He filed the operative amended complaint the following month. Dkt. # 9. In the amended complaint, Smalls alleges that Amazon terminated his employment, in part, because of his race, in violation of 42 U.S.C. § 1981, Section 296(1)(e) of the NYSHRL, and Section 8-107(1)(a)(2) of the NYCHRL. Am. Compl. ¶¶ 49-50.

3

He also alleges that Amazon violated the same three statutes by terminating his employment, in part, in retaliation for his opposition to Amazon's racially discriminatory COVID-19 policies. *Id.* ¶ 47. In addition, Smalls alleges that Amazon has intentionally discriminated against workers who are members of minority groups, in violation of 42 U.S.C. § 1981, by subjecting line workers, most of whom are minorities, "to inferior terms and conditions of employment when compared with [Amazon's] overwhelmingly Caucasian managers." Am. Compl. ¶¶ 45-46. Smalls seeks to bring that claim on behalf of a "class of African-American and Latina/o workers at [the fulfillment center] subjected to inferior terms and conditions of employment." *Id.* 10; *see id.* ¶¶ 36-43.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678-79.

4

## DISCUSSION

Amazon's motion to dismiss is granted. Smalls' claims for discriminatory and retaliatory termination are dismissed because Smalls does not plausibly allege that he was fired because of his race or engagement in a protected activity. Smalls also lacks standing to bring his challenge to Amazon's COVID-19 protections for line workers under Section 1981. Finally, even if he had standing, he has failed to plead sufficient facts to allow an inference of intentional discrimination.

### I. Smalls has Failed to State a Claim for Discriminatory or Retaliatory Treatment.

Smalls alleges that Amazon violated Section 1981, the NYSHRL, and the NYCHRL by firing him because of his race and because he opposed racially discriminatory COVID-19 policies. Smalls has failed to set out facts sufficient to support these claims.

#### A. Smalls Does Not Plausibly Allege that He Was Fired Because of His Race.

Smalls does not plausibly allege that he was fired because of his race, in violation of Section 1981, the NYSHRL, or the NYCHRL.

Claims of discrimination under Section 1981, the NYSHRL, and the NYCHRL are assessed under the same basic framework. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000); *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006) (per curiam); *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-CV-10256 (GHW), 2020 WL 6274826, at *16 (S.D.N.Y. Oct. 24, 2020). "To survive a motion to dismiss," a plaintiff must set out facts supporting "'a *prima facie* case of . . . discrimination,'" by plausibly alleging "that (1) he was within [a] protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.'" *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (quoting *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 75 (2d Cir. 2016)) (citations omitted); *see Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). The statutes differ only in that Section 1981

5

requires that the improper motive have been a but-for cause of the adverse employment action, while state and local law require only that the improper motive have been a contributing factor to the adverse-employment action. *Cardwell*, 2020 WL 6274826, at *19-20. To satisfy the final requirement—that an adverse action have occurred under circumstances giving rise to an inference of discrimination—the complaint must allege "circumstances that provide at least minimal support for an inference of discriminatory intent." *Menaker*, 935 F.3d at 30-31.

Smalls has not pleaded facts providing even minimal support for the inference that his race played a role in Amazon's decision to terminate his employment. Smalls alleges that Amazon fired him within two hours of his speaking at a large rally, and that Amazon invoked his failure to comply with a quarantine order as the basis for his dismissal. Am. Compl. ¶ 27. He offers no allegations to support an inference that race played a role in Amazon's decision. Smalls points only to a letter allegedly sent by Amazon's General Counsel to Amazon's CEO a few days after Smalls' firing, which "characterized Smalls as 'not smart or articulate' and suggested that Amazon make him the face of its workers criticizing its response to the pandemic," *id.* ¶ 32; *see* Plaintiff's Mem. of L. in Opp'n to Defendant's Mot. to Dismiss at 5 (Dkt. # 22) ("Pl.'s Opp'n"). But the letter does not address the company's rationale for terminating Smalls' employment. Instead, it addresses the company's public-relations strategy in response to criticism of its COVID-19 protocols. More critically, the letter does not mention or otherwise refer to Smalls' race. Accordingly, Smalls has failed to allege circumstances giving even minimal support for an inference of racially discriminatory intent. Smalls has failed to state a claim for unlawful termination based on race in violation of federal, state, and local law.

B. **Smalls Fails to Plead a Retaliation Claim.**

Smalls has also failed to adequately plead that Amazon engaged in unlawful retaliation by terminating his employment. *See* Am. Compl. ¶¶ 47-48.

Section 1981, the NYSHRL, and the NYCHRL provide a cause of action for individuals who are retaliated against for protesting discrimination that is forbidden under those anti-discrimination statutes. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008) (Section 1981); *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (NYSHRL); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) (NYCHRL). To state a retaliation claim under each of those statutes, a plaintiff must plausibly allege (among other elements): "(1) participation in a protected activity and (2) that the defendant knew of the protected activity." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citation and internal quotation marks omitted) (Section 1981); *see Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (NYSHRL); *Adams v. City of N.Y.*, 837 F.Supp.2d 108, 128 (E.D.N.Y. 2011) (NYCHRL).

Protesting racial discrimination is a protected activity for purposes of these statutes, because the anti-discrimination statutes in question prohibit racial discrimination. But lodging general grievances about health or safety is not a protected activity for purposes of these discrimination laws. *See* 42 U.S.C. § 2000e-2 (listing statutorily prohibited categories of discrimination); N.Y. Exec. Law § 296(1)(a) (NYSHRL); N.Y.C. Admin. Code § 8-107(1)(a) (NYCHRL); *see also Antonmarchi v. Consol. Edison Co. of N.Y.*, No. 3-CV-7735 (LTS) (KNF), 2008 WL 4444609, at *12 (S.D.N.Y. Sept. 29, 2008) ("[R]etaliation for safety complaints is not an actionable protected activity"), *aff'd*, 514 F. App'x 33 (2d Cir. 2013).

"As to the second element" described above, "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably

7

have understood, that the plaintiff's opposition was directed at conduct prohibited by" the anti-discrimination laws. *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013) (quoting *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)) (internal quotation marks omitted).

Smalls has failed to state a claim for retaliation under these statutes, because he has failed to plausibly allege that Amazon knew Smalls was engaged in protected activity. Smalls describes raising COVID-19 grievances with company officials before he was fired. But he never alleges that he complained of race discrimination. More specifically, Smalls describes speaking with management seeking clarity about Amazon's quarantine policy and requesting to be placed in quarantine. Am. Compl. ¶ 12. He describes how when he approached management again, he "raised health and safety issues." *Id.* ¶ 21. And he describes how at the March 30 public demonstration, he "demanded that Amazon close down the building until it could be deeply cleaned and sanitized" and "noted that Amazon was endangering its workers and that the cleaning company with which it then contracted was short-staffed and giving short shrift to the cleaning process." *Id.* ¶¶ 24-25.

Smalls conspicuously omits from his complaint any allegation that he told Amazon—or even stated publicly—that the company's COVID-19 policies were racially discriminatory, as opposed to simply unsafe. In arguing that Amazon was on notice that his COVID-19 protests were directed at racial discrimination, he relies on a sentence in the complaint stating that during the rally at the fulfillment center, "Smalls opposed practices which discriminated against minority workers and immigrants by subjecting them to inferior terms and conditions of employment due to their race/ethnicity," Am. Compl. ¶ 26; *see* Pl.'s Opp'n 10-11. But that paragraph seems carefully crafted to allege only that, in Smalls' view, the practices Smalls denounced

8


"discriminated"—without stating that Smalls criticized the practices on that ground. Am. Compl. ¶ 26. Smalls' evident belief that Amazon's practices were discriminatory is not enough to place the company on notice that he was protesting Amazon's COVID-19 protocols on that basis, rather than just as insufficiently protective.

To address this deficiency, Smalls states in his memorandum of law that he did "state[]" to management his view that the COVID-19 policies were discriminatory. Pl.'s Opp'n 9. But Smalls never alleged as much in his amended complaint. Because "the Court must look to the allegations in the complaint, not to factual allegations made by a plaintiff in legal memoranda," *Piccolo v. Singleton*, No. 18-CV-1324 (SJF) (GRB), 2019 WL 4261735, at *5 (E.D.N.Y. Sept. 9, 2019), Smalls has failed to state a claim.

## II. Smalls' Claim for Intentional Discrimination Due to COVID-19 Protections for Line Workers Fails.

Smalls alleges that Amazon intentionally discriminated against mostly minority line workers by providing them with COVID protections that were inferior to those provided to Amazon's mostly Caucasian managers. Am. Compl. ¶¶ 45-46. Smalls has not pleaded facts sufficient to establish standing to pursue this claim and, in any event, has not pleaded facts sufficient to support it.

### A. Smalls Has Not Adequately Pleaded Standing.

Smalls has not pleaded facts adequate to support standing to pursue his challenge to Amazon's COVID-19 protections for line workers. To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must "demonstrate standing for each

9

claim and form of relief sought." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (citation and internal quotation marks omitted).

Smalls seeks to pursue injunctive relief concerning Amazon's COVID-19 protections, but he cannot establish standing to do so because he no longer works for Amazon. "[A] plaintiff generally lacks standing to seek injunctive or declaratory relief against his or her former employer." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465-66 (S.D.N.Y. 2013); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011). After all, as a general matter, former employees "are no longer affected by" a former employer's workplace policies, "and an injunction would do nothing to remedy their past injuries." *Oakley v. Verizon Commc'ns Inc.*, No. 09-CV-9175 (CM), 2012 WL 335657, at *15 (S.D.N.Y. Feb. 1, 2012). Several courts have recognized an exception for employees seeking reinstatement—where the employee would be subject to the challenged policies if reinstated. *See, e.g., Kassman*, 925 F. Supp. 2d at 468. But Smalls does not fall in that category. And he gives no other explanation for how a change in Amazon's workplace rules would remedy any injury to him. Accordingly, as Smalls concedes, *see* Pl's Opp'n 15, Smalls lacks standing to pursue injunctive relief.

Smalls has also failed to adequately plead standing to seek damages based on Amazon's COVID-19 protections for line workers. He has not adequately pleaded that he suffered an injury in fact as a result of the policies in question. In pleading injury, Smalls suggests in his complaint that Amazon's COVID-19 policies are injuring minority workers by subjecting them "to health threats to which Amazon [does] not subject its primarily Caucasian management staff." Am. Compl. ¶ 34. "[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent that harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion*, 141 S. Ct. at 2210. In line with that principle, courts

have found that individuals have standing to pursue injunctive relief against policies that subject them to heightened risks of exposure to COVID-19. *See, e.g., Texas Democratic Party v. Abbott*, 978 F.3d 168, 178 (5th Cir. 2020); *Nat'l Immigr. Project of Nat'l Laws. Guild v. Exec. Off. Of Immigr. Rev.*, 456 F. Supp. 3d 16, 26 (D.D.C. 2020); *Prieto Refunjol v. Adducci*, 461 F. Supp. 3d 675, 700 (S.D. Ohio 2020); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993).

But "standing to seek injunctive relief does not necessarily mean that the plaintiff has standing to seek retrospective damages." *TransUnion*, 141 S. Ct. at 2210. To the contrary, under *TransUnion*, a plaintiff generally lacks standing to seek damages based on "the mere risk of a future harm, standing alone." *Id.* at 2211. If a person is exposed to a risk, but the risk does not actually manifest itself in some injury, that is generally "cause for celebration, not a lawsuit." *Ibid.* (discussing hypothetical in which a reckless driver is dangerously swerving across lanes, thereby exposing a fellow driver "to a risk of future harm," but no accident occurs). As a result, to have standing to seek damages based on exposure to a risk, a plaintiff must allege that "the exposure to the risk of future harm itself cause[d] a separate concrete harm." *Ibid.*

Smalls has failed to adequately plead standing to seek damages in light of *TransUnion*. That decision makes clear that Smalls' allegation that Amazon's policies exposed workers to a risk of future harm from COVID-19, *see* Am. Compl ¶¶ 45-46, is not enough, *see TransUnion*, 141 S. Ct. at 2211. And Smalls does not allege that he suffered some "separate concrete harm" as a result of the allegedly deficient policies. *Id.* at 2210. Smalls does allege that a different Amazon worker with whom Smalls had contact tested positive for COVID-19. Am. Compl. ¶ 8. But that allegation of injury to another person does not suffice. Smalls does not actually allege that the co-worker contracted COVID-19 as a result of Amazon's allegedly deficient protections nor does he allege that Amazon's allegedly discriminatory COVID-19 policies meant that the company responded to

that infection in a deficient manner that injured him in some way. In sum, Smalls has failed to plead a cognizable injury to him from Amazon's allegedly racially discriminatory COVID-19 protocols. He therefore fares no better in establishing standing to seek damages based on a challenge to Amazon's COVID-19 protocols than he does in establishing standing to pursue injunctive relief as an ex-employee.

### B. Smalls' Challenge to Amazon's COVID-19 Protections Would Also Fail on the Merits.

Even if Smalls had adequately pleaded his standing to challenge Amazon's COVID-19 protocols for line workers, his challenge to those policies would fail because he does not adequately plead that the policies reflected intentional race discrimination. To state a claim under Section 1981, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (citations omitted). To adequately plead the discriminatory-intent element, a plaintiff must plausibly allege that an employer treated him "less favorably than a similarly situated employee outside his protected group[.]" *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)) (internal quotation marks omitted). To be similarly situated, the employee and the comparators must be similar "in all material respects." *Ibid.* In other words, the comparators "must have a situation sufficiently similar to [the] plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001); *see Lizardo v. Denny's*, 270 F.3d 94, 101 (2d Cir. 2001).

Smalls has failed to make allegations that raise an inference of discriminatory intent. He hangs his claim on his allegation that line workers (who were mostly minorities) received COVID protections inferior to those provided to managers (who were mostly white). Am. Compl. ¶¶ 19-20. But Smalls does not plead facts suggesting that managerial employees and line workers were similarly situated in all material respects, despite their differing job responsibilities. *See Mandell*, 316 F.3d at 379. Courts in this district have often recognized supervisors and non-managerial employees to be *differently* situated for purposes of assessing discriminatory intent. *See Winston v. City of New York*, No. 12-CV-0395 (FB) (VVP) 2013 WL 4516097, at *2 (E.D.N.Y. Aug. 23, 2013) (dismissing discrimination claims premised on disparate treatment of supervisors and non-supervisors because the plaintiff had not demonstrated that her "supervisors" were "similarly situated or subject to the same workplace standards"); *Prescod v. Am. Broad. Co.*, No. 77-CV-6125 (JFK), 1985 WL 430, at *14 (S.D.N.Y. Mar. 19, 1985) ("Supervisors are not similarly situated employees."). At least in the absence of additional allegations, Smalls' assertion that Amazon treated line workers and managers differently does not raise an inference that Amazon treated similarly situated groups differently.

## Conclusion

Amazon's motion to dismiss is granted. Smalls may file a motion seeking leave to file a second amended complaint within thirty days. Any such motion should include the proposed

second amended complaint as an exhibit and explain why leave to amend should be granted. If Smalls does not seek leave to amend within thirty days, judgment shall be entered.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: February 7, 2022
       Brooklyn, New York